UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PRESCOTT MCCURDY, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 2:23-cv-00154-LEW |
| v. ) | |
| ) | |
| TOWN OF BRUNSWICK, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

Plaintiff petitions the Court for preliminary injunctive relief that directs the Town of Brunswick and its agents to let him alone[1] and permit him to travel by motorized vehicle despite the fact that his licensure to drive is under suspension and his vehicle is not registered with the Maine Bureau of Motor Vehicles or any other state registration authority. Plaintiff further petitions for injunctive relief against Defendant Atlantic Coast Towing, Inc., requesting an order that requires Atlantic Coast Towing to withdraw a claim

---

[1] Louis Brandeis famously declared that "the right to be let alone [is] the most comprehensive of rights and the most valued by civilized men." *Olmstead v. United States*, 277 U.S. 438, 478 (1928) (Brandeis, J., dissenting); *see also* Warren and Brandeis, The Right to Privacy, 4 Harv. L. Rev. 193 (1890). This intellectual inflection point has been the basis for at least four common law tort actions to protect privacy, none of which are at issue in the present controversy. Parties situated similarly to Mr. McCurdy periodically attempt, even if unwittingly, to broaden the Brandeis formula to fit every interaction between the State and its citizens in the garden-variety enforcement of motor vehicle laws that such parties find to be inconvenient. No law review article, not even one from Harvard, has such reaching and binding authority over this court. And even if it did, Brandeis's philosophical earth work is not fitted to Mr. McCurdy's complaint. More to the point, the Constitution does not make provisional the enforcement of the law on the condition that the party against whom the law is enforced agrees with it. Mr. McCurdy fails to incline me toward any other direction to find unconstitutional the conduct at issue here.

it has before the Bureau of Motor Vehicles to gain title to Plaintiff's impounded vehicle. Plaintiff also requests a writ of replevin to recover his vehicle from impoundment.

Plaintiff's allegations and the record before the Court on his motion for injunctive relief permit the finding that he was stopped and arrested for driving an unregistered vehicle after suspension of his license to drive, in violation of 29-A M.R.S. § 2415 (and in violation of bail conditions), and that one or more of the Defendants removed his vehicle to a suitable parking place pursuant to 29-A M.R.S. § 2069(3).

Injunctive relief is "an extraordinary and drastic remedy that is never awarded as of right." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (citations and quotation marks omitted). "To grant a preliminary injunction, a district court must find the following four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public interest." *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc.*, 794 F.3d 168, 171 (1st Cir. 2015). As the party seeking injunctive relief, Plaintiffs bear the burden of establishing that the factors weigh in their favor. See *Diaz-Carrasquillo v. Garcia-Padilla*, 750 F.3d 7, 10 (1st Cir. 2014)*; Esso Standard Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006).

Notwithstanding Plaintiff's contentions, he has not persuaded me that he has a right under either the United States Constitution or the State of Maine Constitution to drive an unregistered vehicle with a suspended license, even if both he and his vehicle are otherwise fit to ensure safe travel and there is no state of emergency. Nor has he persuaded me that it was unlawful or unreasonable for law enforcement officers to impound his vehicle given

that it could not lawfully be driven by anyone on the public ways without proper registration. As Plaintiff fails to cite any precedent in which a court applied the various constitutional maxims he recites in his pleadings to uphold or enforce such a right or to sanction such an impoundment, Plaintiff fails to carry his burden of demonstrating a likelihood of success on the merits. Plaintiff also fails to demonstrate the likelihood of irreparable harm[2], favorable equities, or service of the public interest.

Accordingly, Plaintiff's Motion for Injunctive Relief (ECF 14) is DENIED.

**SO ORDERED**.

Dated this 1st day of August, 2023.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Maine law, Plaintiff was entitled to recover his vehicle by paying the "tolls, fees and penalties" and reinstating his vehicle's registration. 29-A M.R.S. § 2069(3). Because it appears that Plaintiff cannot lawfully drive the vehicle in question at present, any harm arising from its prolonged impoundment or the potential transfer of title to Atlantic Coast due to nonpayment of tolls, fees, and penalties can be remedied by an award of damages and/or a later injunction.