UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PRESCOTT MCCURDY,  )<br>  )<br>    Plaintiff  )<br>  )<br>v.  )<br>  )<br>TOWN OF BRUNSWICK, ME, et al.,  )<br>  )<br>    Defendants.  ) | No. 2:23-cv-00154-LEW |

## **ORDER ON DEFENDANTS' MOTIONS FOR JUDGMENT ON THE <u>PLEADINGS</u>**

Plaintiff Prescott McCurdy likes to drive around town. After McCurdy was stopped twice for numerous violations of Maine's motor vehicle laws and two of his vehicles were towed, McCurdy, *pro se*, filed this suit. McCurdy asserts that the Town of Brunswick and three of its employees (collectively the "Town Defendants") detained and seized his vehicles in violation of the Fourth and Fourteenth Amendments of the United States Constitution and various provisions of Maine's Constitution.[1] McCurdy also sued Charles Lounder, Vice President of Atlantic Coast Towing, Inc., and Atlantic Coast Towing, Inc., the company that towed his vehicles, on a conversion claim. Before the Court are the Defendants' motions for judgment on the pleadings. *See* Mot. for J. on the Pleadings, ECF

---

[1] The Town Defendants include John Eldridge, Town Manager, Officer Asa Hodgdon and Sergeant Chris Balestra.

No. 19 (Lounder and Atlantic Coast Towing); Mot. for J. on the Pleadings, ECF No. 20 (Town Defendants).

For the reasons below, the Defendants' motions are GRANTED.

On the morning of January 4, 2023, McCurdy was driving a 2012 Chevy Silverado when Officer Hodgdon stopped him and explained that his Silverado was lacking registration plates. McCurdy asked Officer Hodgdon if he witnessed him committing a crime, and Officer Hodgdon explained that McCurdy failed to identify himself after a warning and that his vehicle had no plates. Officer Hodgdon told McCurdy that his vehicle was going to be towed. McCurdy was arrested and later issued a summons and complaint for operating a vehicle after suspension. Atlantic Coast Towing towed his Silverado.

On January 17, as McCurdy was driving a 2007 General Motors Company Sierra, he was again stopped by Officer Hodgdon. In response to Sergeant Balestra's request for ownership documents, McCurdy produced a bill of sale. McCurdy was ultimately issued a summons and complaint for operating after suspension and failure to comply with conditions of release. Atlantic Coast Towing towed his Sierra.

McCurdy filed this suit in the Cumberland County Superior Court, and the Defendants removed the case to this Court.

Rule 12(c) allows a party to move for judgment on the pleadings any time "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is "ordinarily accorded much the same treatment" as a Rule 12(b)(6) motion. *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54 (1st Cir. 2006). To survive a motion for judgment on the pleadings, a plaintiff must plead "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Because a motion for judgment on the pleadings "calls for an assessment of the merits of the case at an embryonic stage," I "view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences" in the nonmovant's favor.  *Pérez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (quoting *R.G. Fin. Corp. v. Vergara-Nuñez*, 446 F.3d 178, 182 (1st Cir. 2006)).

In ruling on a Rule 12(c) motion, unlike a Rule 12(b) motion, I consider the pleadings as a whole, including the answer.  *See Aponte-Torres*, 445 F.3d at 54–55.  "Like Rule 12(b)(6), Rule 12(c) does not allow for any resolution of contested facts; rather, a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment."  *Id.* at 54. Therefore, because it is so early in the litigation, I will not consider any facts the parties dispute; for example, I will not credit any allegations in the complaint denied in the answer. *See Santiago v. Bloise*, 741 F. Supp. 2d 357, 360 (D. Mass. 2010).

My analysis begins with McCurdy's federal and Maine State constitutional claims against the County Defendants.  These claims fail because McCurdy has not stated a plausible claim that his vehicles were illegally detained and seized.  Regarding the first stop, McCurdy acknowledges that Officer Hodgdon told him twice that his vehicle was lacking registration plates. Compl. ¶¶3, 5. McCurdy also recognizes that he was arrested and issued a summons and complaint for operating a vehicle after suspension.  *Id.* ¶¶19, 39.  Turning to the second stop, McCurdy states that he handed Sergeant Balestra a bill of sale upon being asked for the vehicle's documentation.  *Id.* ¶57.  McCurdy explains that he

was issued a summons and complaint for operating a vehicle after suspension and failing to comply with his conditions of release. *Id.* ¶58.

McCurdy's complaint recognizes why he was stopped, and McCurdy does not contest the validity of these reasons. Thus, McCurdy's claims against the Town Defendants necessarily fail because his complaint acknowledges that he was driving vehicles in violation of Maine law. During the first stop, McCurdy's vehicle lacked registration plates. *See* 29-A M.R.S. § 2104 (improper plates). Regarding the second stop, McCurdy was operating a vehicle after having his license suspended and he failed to comply with his conditions of release. *Id.* § 2415 (operating a vehicle after license suspension or revocation); 15 M.R.S. § 1092(1) (violating conditions of release). Because his complaint essentially concedes these violations of the law, McCurdy has failed to state plausible claims that the Town Defendants illegally detained and seized his two vehicles. *See United States v. Santana-Vasquez*, No. 2:19-CR-00099-GZS, 2021 WL 6050930, at *4 (D. Me. Dec. 21, 2021) ("Driving without a license and driving without valid registration are Class E misdemeanors, and arrestable offenses under Maine law when committed in the officer's presence."); 29-A M.R.S. § 2069(3) (providing that a "law enforcement officer may cause the removal to a suitable parking place of a vehicle connected with" the "arrest of the operator or owner of that vehicle," a "suspended registration," or the "commission of a crime").

McCurdy's conversion claim against Defendants Atlantic Coast Towing and Vice President Charles Lounder fails for similar reasons. A conversion claim requires a *prima facie* case of three elements:

> (1) that the person claiming that his property was converted has a property interest in the property; (2) that he had the right to possession at the time of the alleged conversion; and (3) that the party with the right to possession made a demand for its return that was denied by the holder.

*York Marine, Inc. v. M/V Intrepid*, No. 2:15-CV-00184-JDL, 2016 WL 5372762, at *6 (D. Me. Sept. 26, 2016) (citing *Withers v. Hackett*, 714 A.2d 798, 800 (Me. 1998)).

Because McCurdy's concessions above amount to him acknowledging that he was unlawfully operating both vehicles, McCurdy has failed to demonstrate that he had a right to possess each vehicle at the time that each one was allegedly converted. *See* 29-A M.R.S. § 2069(3) (authorizing officers to tow a vehicle upon the "arrest of the operator or owner of that vehicle," the "issuance of a summons" for a driver operating a vehicle with a suspended license, or the "commission of a crime"). Furthermore, McCurdy makes no allegations that he paid Atlantic Coast Towing's fees, as required by Maine law to recover a vehicle after it has been towed. *See* 29-A M.R.S. § 2069(3); *id.* § 1852 (prescribing that "a vehicle is considered 'abandoned' if the owner or lienholder does not retrieve it and pay all reasonable charges for towing, storing and authorized repair of the vehicle within 14 days" after certain notices). Thus, McCurdy's complaint fails to state a conversion claim.

For the foregoing reasons, Atlantic Coast Towing, Inc., and Charles Lounder's Motion for Judgment on the Pleadings (ECF No. 19) is **GRANTED**, and the Town Defendants' Motion for Judgment on the Pleadings (ECF No. 20) is **GRANTED**. Consequently, Plaintiff McCurdy's claims are **DISMISSED**.[2]

---

[2] In McCurdy's Amended Complaint (ECF No. 21), which was filed about four months after the Defendants answered his complaint, he claims that Atlantic Coast Towing conspired with the Town Defendants. The Town Defendants filed a Motion to Strike (ECF No. 22). The Motion to Strike is granted because McCurdy's amended answer is both untimely, *see* Fed. R. Civ. P. 15, and futile. McCurdy's conspiracy

SO ORDERED.

Dated this 8th day of February, 2024.

                                                /s/ Lance E. Walker
                                                UNITED STATES DISTRICT JUDGE

---

allegations are conclusory and fail as a matter of law. Under Maine law, "civil conspiracy is not an independent tort." *See Fiacco v. Sigma Alpha Epsilon Fraternity*, 484 F. Supp. 2d 158, 176 (D. Me. 2007) (citing *Cohen v. Bowdoin*, 288 A.2d 106 (Me. 1972), *aff'd*, 528 F.3d 94 (1st Cir. 2008)). Thus, McCurdy's conspiracy claim "fails as the basis for the imposition of civil liability absent the actual commission of some independently recognized tort," which is lacking here. *Cohen*, 288 A.2d at 110). A federal conspiracy claim is also futile. Under 18 U.S.C. § 1985(3), a plaintiff must allege:

the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege.

*Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). The Supreme Court has explained that an "intent to deprive of equal protection, or equal privileges and immunities" requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Because McCurdy's factual allegations do not support that the Defendants acted with the requisite conspiratorial purpose, his attempt to add a federal conspiracy claim is also futile.